UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSEPH TREADWAY,　　　　　　　　　　　　　　　　　　　　6:14-CV-1587-TC

　　　　　　　　　Plaintiff,

　　v.

　　　　　　　　　　　　　　　　　　　　　　　FINDINGS and RECOMMENDATION

MIDLAND FUNDING, LLC, & GORDON,
AYLWORTH & TAMI, P.C., f/k/a DANIEL
N. GORDON, P.C.,

　　　　　　　　　Defendants.

COFFIN, Magistrate Judge:

　　Plaintiff brings this claim pursuant to the Fair Debt Collection Practices Act (FDCPA). He originally alleged violations of the FDCPA based on defendant's conduct with a party other than the debtor in issuing a Writ of Garnishment By Attorney to a third-party.[1]

　　In plaintiff's motion (#14) for leave to file an amended complaint, plaintiff seeks to add new violations of the FDCPA based on alleged misrepresentations of defendant's employee in a phone

---

[1] The third party the Writ was sent to was not the debtor-plaintiff's employer, but his wife's employer.

Page 1 - FINDINGS and RECOMMENDATION

conversation with the debtor-plaintiff. For the reasons stated below, the motion should be denied.

## DISCUSSION

Defendants oppose the motion to amend on the basis of the statute of limitations. Plaintiff contends the additional claims are not outside the statute of limitations as they relate back to the original complaint. As plaintiff offers no argument or facts to the contrary, he appears to concede that if his newly alleged claims do not relate back by reason of Fed. Rule of Civ. Proc. 15(c), the claims are barred by the one year statute of limitations, and as such, amendment would be futile.

Fed. Rule Civ. Proc. 15 (c) (1)(B) provides:

> An amendment to a pleading relates back to the date of the original pleading when ....the amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading ....

Fed. Rule Civ. Proc. 15 (c)(1)(B).

Plaintiff relies on Guerero v. RJM Acquisitions LLC, 499 F.3d 926, 933 (9th Cir. 2007). Such case is easily distinguishable. It is an FDCPA case, but it does not purport to change previously established precedent regarding the "conduct, transaction, or occurrence" requirement for relation back. In Mayle v. Felix, 545 U.S. 644 (2005), the Supreme Court refused to broadly define "conduct, transaction or occurrence" and refused relation-back where the newly alleged conduct related to "separate episodes" "at a different time and place." Mayle, 545 at 559-660. And in Oja v. United States Army Corp of Engineers, 440 F.3d 1122 (9th Cir. 2006), the Ninth Circuit Court of Appeals noted that when a plaintiff attempts to allege an entirely different transaction by amendment, Rule 15 (c) will not authorize relation back and amendments alleging a separate

Page 2 - FINDINGS and RECOMMENDATION

violation of the same statute may be subject to the defense of the statute of limitations because of a failure to meet the transaction standard. Oja, 440 F.3d at 1134, fn. 17.

Plaintiff's reading of Guerrero would be in direct conflict with established and controlling precedent. In effect, it would carve out an exception for FDCPA cases that would allow a plaintiff to add new claims, based on separate and distinct conduct that occurred at a different time and place, to relate back to the original pleading so long as the conduct was debt collection activity (which, of course, it always will be). This would render Fed. Rule of Civ. Proc. 15 (c) meaningless in this type of lawsuit. No court has found such an exception for FDCPA cases, see, e.g., Avila v. Riexinger & Associates, LLC, 2015 WL 1731542 (EDNY, 2015); Glover v. FDIC, 698 F.3d 139, 147 (3rd Cir. 2012).

As previously stated, plaintiff originally alleged violations of the FDCPA based on defendant's conduct with a party other than the debtor in issuing a Writ of Garnishment By Attorney to a third-party (his wife's employer). In plaintiff's motion to amend, plaintiff seeks to add new violations of the FDCPA based on alleged misrepresentations of defendant's employee in a phone conversation with the debtor-plaintiff. The new claim is not based on a "common core of operative facts." Rather, it is based on a "separate episode" that occurred "at a different time and place." Therefore, as discussed above, the proposed amended claim cannot relate back and the motion to amend should be denied as futile.

## CONCLUSION

Plaintiff's motion (#14) for leave to file an amended complaint should be denied.

DATED this 31 day of July, 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 4 - FINDINGS and RECOMMENDATION